**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SEBASTIAN L. ECCLESTON,

    Petitioner,

vs.                                                                                  No. 19-cv-538 RB-CG

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Sebastian Eccleston's *pro se* Motion to Redress Manifest Injustice. (Doc. 2.) In the same Motion, he also seeks leave to proceed *in forma pauperis*. (*Id.* at 1.) Eccleston has been challenging his federal carjacking sentence for the past 16 years. After failing to obtain relief on direct appeal and under each habeas statute (28 U.S.C. §§ 2241, 2254, and 2255), he now asks the Court to use its equitable powers to correct his federal sentence. Having carefully reviewed the Motion and Eccleston's prior cases, the Court finds no relief is available.

**I.    Background**

In 1996, Eccleston pled guilty to carjacking in violation of 18 U.S.C. § 2119(1), using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), interference with commerce by threat or violence against the victim in violation of 18 U.S.C. § 1951(a), and carrying a sawed-off shotgun in relation to interference with commerce in violation of 18 U.S.C. 924(c). (CR Docs. 34; 88.)[1] The Court (Hon. Leroy Hansen) sentenced Eccleston to 417 months of imprisonment. (CR Doc. 88.) Judgment on the conviction and sentence was entered

---

[1] All "CR Doc." references are to the related criminal case, 95-cr-00014.

on November 12, 1996. (*Id.*) The Tenth Circuit Court of Appeals affirmed the conviction and sentence on December 17, 1997. (CR Doc. 92); *United States v. Eccleston*, 132 F.3d 43 (10th Cir. 1997).

On May 4, 2001, Eccleston filed his first motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255. (CR Doc. 93); *Eccleston v. United States*, 01-CV-00500-LH-WD. Eccleston argued his federal sentences should run concurrently with his state sentence for murder. The Court dismissed his federal § 2255 motion because it was barred by the one-year statute of limitations. (CR Doc. 96.) In 2003, Eccleston attempted to raise the same concurrent-sentence argument in a 28 U.S.C. § 2254 habeas petition. *See Eccleston v. Master*, 03-cv-00406 BB-DJS. However, that proceeding was also dismissed as time-barred. (Docs. 19; 21 in 03-cv-00406 BB-DJS.)

Between 2009 and 2014, Eccleston filed at least five petitions in the Tenth Circuit seeking permission to file a second or successive § 2255 motion. *See In re Eccleston*, No. 09-2022 (10th Cir. Jan. 23, 2009); *In Re Eccleston*, No. 10-2231 (10th Cir. Oct. 26, 2010); *In re: Sebastian L. Eccleston*, No. 10-2256 (10th Cir. Nov. 30, 2010); *In re: Eccleston*, No. 11-2215 (10th Cir. Nov. 1, 2011); *In re Eccleston*, No. 14-2092 (10th Cir. June 5, 2014). Some motions were construed under 28 U.S.C. § 2241, *see, e.g.*, No. 09-2022, but regardless of the construction, each motion was denied. *Id.* Eccleston also filed various motions in this Court under § 2255 and 18 U.S.C. § 3582. (CR Docs. 212; 218; 252.) To date, the Court has refused to alter his sentence. (CR Doc. 255.)

Eccleston filed the instant Motion on June 11, 2019. (Doc. 1.) He acknowledges his prior § 2255 proceedings were unsuccessful and seeks equitable relief from his federal sentence. (Doc. 2 at 3–4, 13.) The Court construes the Motion under 28 U.S.C. § 2241, which is the catch-all habeas

statute for alleged wrongs that are incapable of redress under other provisions of the law.[2] *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). The Court also grants Eccleston's request to proceed *in forma pauperis* and waives the filing fee, and the matter is ready for initial review.

II. **Discussion**

Eccleston asks the Court to use its "equitable powers to undo . . . manifest injustice." (Doc. 2 at 8.) Specifically, he seeks to vacate his guilty plea and/or correct his federal carjacking sentences so that they run concurrent with his state murder sentence. Eccleston's request fails as a matter of law. District courts do "not have inherent power to resentence defendants" or correct criminal judgments. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). The Court can only "modify a Defendant's sentence [or judgment] . . . in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* Eccleston has already exhausted his avenues for statutory relief by filing motions under every habeas statute (28 U.S.C. § 2241, 2254, and 2255) and 18 U.S.C. § 3582.[3] Accordingly, this Court lacks jurisdiction to "resentence [Eccleston] based upon [any] desire to prevent a manifest injustice." *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005).

Eccleston also appears to seek relief from all prior rulings under Federal Rule of Civil

---

[2] The construction of Eccleston's petition is academic and does not change the outcome of this case. As discussed below, the Court cannot run his sentences concurrently under any theory or statute.

[3] Although Eccleston exhausted every statutory avenue to argue that his state and federal sentence should run concurrently, he recently had some success with a different argument. After Eccleston filed the instant proceeding, the Tenth Circuit granted permission to pursue successive § 2255 relief from his firearm conviction under *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* Docs. 299; 304 in 95-cr-0014.) Eccleston filed a counseled *Davis* motion on December 20, 2019, which is still pending. This ruling has no impact on that proceeding.

Procedure 60(b)(6). (Doc. 2 at 17.) Rule 60(b)(6) contains a catchall clause allowing Courts to correct prior civil judgments (including habeas rulings) for "any . . . reason that justifies relief." However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Setting aside the fact that this Court cannot vacate multiple rulings by the Tenth Circuit, there is clearly no injustice in this case. Eccleston is convinced that his state and federal sentences should have run concurrently based on his own subjective belief at the time of the plea. However, as the Tenth Circuit repeatedly explained: "the federal government did not promise, either in the draft of the negotiated plea agreement or in the final plea agreement, that . . . Eccleston's federal sentence would run concurrently with the state sentence, nor did it promise where he would serve his sentences." *Eccleston v. United States*, 08-cv-1079 LH-LAM (Doc. 11) (quoting *United States v. Eccleston*, 521 F.3d 1249, 1251 (10th Cir), *cert. denied*, 129 S. Ct. 430 (2008)). Although his "state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence, which runs consecutively to, not concurrently with, the state sentence." *Id.* Rule 60(b)(6) relief is therefore not available in this case.

For these reasons, the Court will dismiss the Motion and this civil case without prejudice. To the extent necessary, the Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment . . . debatable or wrong").

**IT IS ORDERED** that Eccleston's request to proceed *in forma pauperis* is **GRANTED**;

and any filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that Eccleston's Motion to Redress Manifest Injustice (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**; a certificate of appealability is denied; and the Court will enter a separate judgment resolving the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE